**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FRANK NELLOM,** *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **ANNE MARIE AMBROSE,** *et al.*, <br><br> *Defendants*. | **Case No. 2:22-cv-1283-JDW** |

## MEMORANDUM

Frank Nellom wants the Court to intervene in state court custody proceedings. But the Court can't do so. Federal courts don't interfere with pending state court cases, nor do they sit in judgment of state court decisions. In addition, Mr. Nellom filed his claims too late, and he sued the wrong parties. For each of these reasons, the Court will dismiss this case.

## I.    RELEVANT BACKGROUND

Mr. Nellom has two grandchildren. In June 2011, the children's mother was late picking the children up from daycare and Philadelphia Department of Human Services ("DHS") took the children into custody. After a hearing, the Family Court Division of the Philadelphia Court of Common Pleas committed the children to DHS custody. The children have been in foster care ever since.

Mr. Nellom's claims arise out of the Family Court proceedings. He alleges that officials made false statements when they said that the family would not care for the children. He also alleges officials lied about contacting family members—including Mr. Nellom. In addition to these "false statements," Mr. Nellom alleges some connection to a "Kids for Cash" scheme.

In July 2011, Mr. Nellom filed an "Emergency Petition for Writ of Habeas Corpus" in the Philadelphia Court of Common Pleas. The Court of Common Pleas dismissed the petition. In March 2022, Mr. Nellom filed another "Emergency Petition for Writ of Habeas Corpus." In connection with that Petition, the Court of Common Pleas held a hearing, but Meagan Mirtenbaum, the Divisional Deputy City Solicitor, did not show up. The Court of Common Pleas dismissed this petition as well, which Mr. Nellom has appealed. (ECF No. 21 at 5.)

On March 30, 2022, Mr. Nellom filed a Complaint in this matter. In his Complaint, Mr. Nellom names Anne Marie Ambrose, a Managing Director at Casey Family Programs, Barbara A. Ash, a former Chief Deputy Solicitor for the City of Philadelphia, and various John and Jane Does at the City of Philadelphia Department of Human Services and the City of Philadelphia Law Department. He wants to remove his grandchildren from foster care, and he might want damages.

On April 29, 2022, Mr. Nellom filed an "Application For Injunction." On May 3, 2022, the Court issued an Order directing Mr. Nellom to show cause by May 17, 2022, as to why

the Court should not abstain under the *Younger* doctrine. Mr. Nellom filed a memorandum in response. He also filed for summary judgment twice. The Court struck the motions without prejudice and directed Mr. Nellom to serve the Complaint on Defendants before filing another such motion.

Mr. Nellom served Defendants, and they moved to dismiss Mr. Nellom's claims. Mr. Nellom filed a letter, a motion for summary judgment, and a reply supporting his motion for summary judgment but he did not respond directly to the motion to dismiss.

## II.   ANALYSIS

### A.   Subject Matter Jurisdiction

#### 1.   *Younger* abstention

The *Younger* abstention doctrine prevents the Court from hearing certain cases related to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court applies a two-stage analysis to determine whether the *Younger* doctrine applies. At the first stage, it examines whether the state court litigation falls within one of three specific categories of cases: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Child custody proceedings fall into the third category and are a "strong candidate for *Younger* abstention." *Smith v. Harrison*, No. CV 21-5120, 2022 WL 445757, at *4 (E.D. Pa. Feb. 14, 2022) (citing *Mikhail v. Kahn*, 991

F. Supp. 2d 596, 626 (E.D. Pa. 2014)); *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011).  Therefore, the first stage of the analysis is met.

At the second stage, the Court considers three factors: (1) whether there is an ongoing state judicial proceeding; (2) whether the proceeding implicates important state interests; and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982); *PDX North, Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 883 (3d Cir. 2020). Mr. Nellom's claim for injunctive relief satisfies each of these factors to the extent it arises from the Petition that he filed in Common Pleas Court in March 2022.

*First,* the child custody proceedings are ongoing.  By their nature child custody proceedings are viewed as a whole, rather than as discrete hearings and decisions. *Mikhail*, 991 F. Supp. 2d at 623 (collecting cases). Mr. Nellom's appeal of the Common Pleas Court's denial of his 2022 Petition is still live, so the proceedings remain ongoing.

*Second*, child custody proceedings implicate important state interests. "Family relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Courts in this circuit routinely find that child custody arrangements implicate important state interests. *See e.g., Mikhail*, 991 F. Supp. 2d at 628; *Smith*, 2022 WL 445757, at *4.

*Third*, to the extent Mr. Nellom wants to change his grandchildren's foster care arrangement, he can seek relief in state court proceedings. *See Wattie-Bey*, 424 F. App'x

at 97 (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010)). Though he might lose, he has not shown procedural or technical grounds that bar his claims. *See Mikhail*, 991 F. Supp. 2d at 629. Even if Ms. Mirtenbaum failed to appear for a hearing where Mr. Nellom planned to challenge custody, that is not enough to suggest Mr. Nellom cannot present his claims in state court. Assuming Ms. Minterbaum's absence delayed the hearing, a delayed hearing alone does not warrant equitable relief. *See Smith*, 2022 WL 445757, at *4 (cite omitted). Therefore, the requirements for *Younger* abstention are met.

The Court may refuse to abstain if the plaintiff establishes that the state proceedings are being undertaken in bad faith or for purposes of harassment, or there are other extraordinary circumstances that might make abstention inappropriate. *Middlesex*, 457 U.S. at 435.  Mr. Nellom has alleged no facts to make this showing, so the Court will abstain from hearing claims for injunctive relief in connection with the Petition that he filed in 2022.

### 2.    *Rooker-Feldman* **Doctrine**

It is not clear whether the two Petitions that Mr. Nellom filed in state court are part of one custody proceeding or are two different proceedings. If they are one, continuing proceeding, the Court's decision about *Younger* abstention applies to claims arising from the 2011 Petition, as well. But if they are separate proceedings, then the *Rooker-Feldman* doctrine bars the Court from considering claims about the 2011 Petition. That doctrine prevents federal courts from presiding over "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021) (quotation omitted). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 385 (same).

The Superior Court entered the judgment from the 2011 Petition long before Mr. Nellom filed his Complaint in this matter, and he wants this Court to declare that judgment void. Mr. Nellom's claims, asking the Court to reject that judgment, is "precisely the type of claims that *Rooker-Feldman* precludes." *Soral v. Wilmington Tr. NA*, 828 F. App'x 102, 105 (3d Cir. 2020).

### B.     Statute Of Limitations

Mr. Nellom's injunctive relief and damages claims arise under 42 U.S.C. § 1983. Because these claims originated in Pennsylvania, they are subject to a two-year statute of limitations. *See Lake v. Arnold*, 232 F.3d 360, 369 (3d Cir. 2000). A Section 1983 claim begins to accrue when the plaintiff "knows, or has reason to know, of the injury on which the action is based." *Montgomery v. DeSimone*, 159 F.3d 120, 126 (3d Cir. 1998). At the motion to dismiss stage, claims may be dismissed based on the statute of limitations

where the time bar is "apparent on the face of the complaint." *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

Mr. Nellom's claims stem from the Common Pleas Court's decision to place his grandchildren in foster care with "false statements," and in connection with an alleged "Kids for Cash" scheme. He knew about all of this in 2011. Indeed, he filed a Petition that same year making the same arguments he makes in this case. At that point, his claims began to accrue, and he had to file any Section 1983 claims within two years. He did not file this action until March 30, 2022, which was almost nine years too late. Therefore, the statute of limitations bars Mr. Nellom's claims.

Mr. Nellom's 2022 Petition, and the fact that Ms. Mirtenbaum did not appear for a hearing in connection with that Petition, do not change that result. As best the Court can tell, Mr. Nellom's claims do not stem from the proceedings that occurred in 2022. Indeed, his Complaint appears to calculate damages since 2011, not 2022. Because the statute of limitations on those claims expired in 2013, it bars Mr. Nellom's claims in this case.

### C.      Individual And Municipal Defendants

Mr. Nellom's claims against Ms. Ambrose, the former DHS Commissioner, and Ms. Ash, the attorney who presented the Dependency Petition to Family Court in 2011, also fail. He brings claims against them for preparing, initiating, and prosecuting his grandchildren's dependency proceedings. However, these Defendants are absolutely

immune from suit as child welfare workers and attorneys. *See Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 495–96 (3d Cir. 1997).

Mr. Nellom's claims against the City of Philadelphia Department of Human Services and Law Department also fail because neither is a legal entity separate from the City of Philadelphia. *See* Pa. Stat. Ann. tit. 53, § 16257 (West 1998); *see also Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). Suits against either department must be made against the City of Philadelphia, who Mr. Nellom has not named.

### D.    State Law Claims

A court "may decline to exercise supplemental jurisdiction [over state law claims] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision of whether to exercise supplemental jurisdiction where a court has dismissed all federal claims is left to the court's discretion. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The Third Circuit has directed that district courts "must decline" to exercised supplemental jurisdiction "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). To the extent Mr. Nellom intended to assert state law claims, there is no affirmative justification for the Court to exercise supplemental jurisdiction. Therefore, the Court will decline to do so.

## III.    CONCLUSION

Mr. Nellom's claims are too late, in the wrong forum, and against the wrong defendants (if there even is a "right" defendant). The Court will therefore dismiss his Complaint. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

September 9, 2022