UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

Case Number:

FRANK NELLOM, at al.,

Appellants,

v.

ANNE MARIE AMBROSE, et al.,

Appellee

**District Court Case Numbers**

2:22-cv-1283

---

APPELLANTS

NOTICE OF APPEAL

This is another tragic case of "Suffer The Little Children" documented by Bill Baldini at this link https://youtu.be/ZlepqvHii-M. Here, black children illegally taken from their family struggled years to find them. Upon finding their family. Locked in behavioral facilities to prevent the underlying cash for kids scheme of taking none dependent children from black families from being exposed. Judge Wolson wrote of record Common Pleas Court knew about since 2011. Pennsylvania legislature, District and Appellate Court made clear it is illegal for DHS to claim custody of none dependent children this Court is being asked to enforce.

---

Respectfully submitted,

*[signature]*

By Frank Nellom, Pro se
1410 72nd Avenue, Apt 314
Philadelphia, PA 19126
267-225-5684
franknellom@outlook.com

Dated: October 18, 2022

*[signature: Jenisha Nellom]*

## I-JURISDICTION

To enforce Pennsylvania law **42 Pa. C.S § 6301. (a)** Short title.--This chapter shall be known and may be cited as the **"Juvenile Act." (b) Purposes.**--This chapter shall be interpreted and construed as to effectuate the following purposes: **(1) <u>To preserve the unity of the family whenever possible</u>**." Spelled out by the Superior Court of Pennsylvania on March 24, 2022: "<u>**If the children are not dependent, then it is not appropriate for the family to remain under Court Supervision**</u>." **<u>In interest of C.H. Superior Court No. 766 WDA 2021 Trial Court No. CP-02-DP-0001172-2016</u>**.

Nellom family children were Illegally taken, **a)** <u>Without Notice</u>, and **b)** <u>False statement made to the Courts in Dependency Petition</u>. Establishing fraud upon the court. Demand the children and record be brought before the court. Denied the family.

## II-DATE OF ORDER APPEALED

**September 9, 2022.**

The Court dismissed the case establishing refusal to conduct a hearing with the children and record to expose the fraud upon the court the Dependency Petition evince.

## III-INTRODUCTION

Frank Nellom was born in 1960 in Philadelphia. Raised in the Church by the King, Pope, Woodbury, Lomax, Sharp, and other families. Age 9-10 attended lectures at Temple University. Age 18-22 trained by Reverend Roland Tinsley, members, guests, and staff at the Union League of Philadelphia. Amor Patriae Ducit Institution. Meaning is to be <u>Led by Love of Country</u>. Age 26 falsely incarcerated, and released on parole at age 33. Built a business of ten employees engaged in a $60 million dollar PHA contract as Prime General Contractor. Age 37 returned to prison to serve 6 months on a technical parole violation. Not being released at the end of 6 months began studying and practicing law pro se until released at age 48. Name of Frank Nellom appears on dockets in all Pennsylvania State and Federal District and Appellate Courts to the United States Supreme. Entitled to hearing with the children and record to find out how, when, and why they were taken into custody, only to find their way back to their family.

1

## IV-DATE RECONSIDERATION FILED

### September 12, 2022.

Declared a legal right exist for the Nellom family to know how, when, and why their children were taken? No reply has been filed or Order issued to date.

## V-STATEMENT OF UNDISPUTED FACTS

**1.** In 2011 the children in this case were illegally taken from their family. By using this falsely fabricated Dependency Petition. **(Exhibit A).**

**2.** Hearing was held where Barbara Ash didn't deny false statements were made therein. Court of Common Pleas Judge Palapinto agreed but let it go, dismissing.

**3.** Following family members Imani Sharp, Rita Cotton, Joann Smith, Joyce Nellom, and Frank Nellom all advise DHS during hearing until they were all deceased the children were not dependent. Naturally resulted in the children being returned.

**4.** DHS took the Children from a Child Care Business again. This time failed to notify any of the family they were made aware to contact in such case.

**5.** The children knowing they had family exercised this legal right: 42 Pa. C.S. § 6301. (b)(1). "To preserve the unity of the family whenever possible." Found their family.

**6.** Frank Nellom filed for writ of habeas corpus in the Philadelphia Court of Common Pleas where the fraud was first discovered. Demanding children and record be brought before the court to examine. Because false statements were made in the previous Dependency Petition. Absolute reason to examine the record for the same.

**7.** Counsel didn't bring the children, record, nor appear for hearing. Judge Anders dismissed without ordering Counsel to appear with the record and children.

### VI-PENNSYLVANIA LAW CLAIM

**8.** 42 Pa. C.S. § 6301. (b)(1). "To preserve the unity of the family whenever possible." The Superior Court of Pennsylvania wrote means: "If the children are not dependent, then it is not appropriate for the family to remain under Court Supervision." **In interest of C.H. supra**. Right for Frank Nellom to certify under penalty of perjury: "The children were never dependent. Always had family willing to care for them."

### VII-STATEMENT OF QUESTION FOR APPEAL

**A.** Does Pennsylvania law 42 Pa. C.S. § 6301. (b)(1). "To preserve the unity of the family whenever possible." Affirmance by the Appellate Court: **"If the children are not dependent, then it is not appropriate for the family to remain under Court Supervision**. Provide the Nellom family the right to return of their children illegally taken?

### IIX-STATEMENT OF THE CASE

**9.** Children grandfather found DHS taking the children from a child care business, establish a breach of contract matter, absent abuse, DHS lacked the authority to do so.. And submitted false statements to the court to obtain custody of the children. Following five adult Nellom Family Members explained to DHS the children are not dependent until all were deceased. Naturally the children were returned to the Nellom family.

**10.** DHS took the children again from another child care business, and didn't provide any of the known adult family members notice. Is the reason the Nellom family is seeking a hearing with the children and record to answer the questions of How, When, and Why the children were illegally taken again? Denied the Nellom family. The

State expressed a compelling interest in finding whether or not the record, and testimony of the children prove they were illegal taken. To correct.

### IX-DISTRICT COURT REFUSED

**a.** Mr. Nellom's claims stem from the Common Pleas Court's decision to place his grandchildren in foster care with "false statements," and in connection with an alleged "Kids for Cash" scheme. He knew about all of this in 2011.

**11.** The District Court admits false statements were made in Dependency Proceedings. Cognizable federal claim of fraud upon the court being found. DHS knew the children were not dependent prior to being taken into custody a second time. And: "He knew about all of this in 2011." Establish the court did too, dismissing establish the cover up another case of "Suffer The Little Children".

**WHEREFORE**, Legislature, District, and Appellate Courts made clear the only interest the People of Pennsylvania have in Children is to be raised by their biological family. The Nellom family seeks to enforce.

Respectfully submitted,

*[signature]*

Dated: October 18, 2022

By Frank Nellom, Pro se
1410 72nd Avenue, Apt 314
Philadelphia, PA 19126
267-225-5684
franknellom@outlook.com

*[signature: Jenisha Nellom]*

4

## PROOF OF SERVICE

I, Frank Nellom, certify under penalty of perjury that the statement made in the foregoing Notice of Appeal, and Dependency Petition Memorandum **(Exhibit A)** attached thereto are true and correct. Copy was served upon Counsel Adam Zurbriggen Via Email: adam.zurbriggen@phila.gov on the date below.

Dated: October 18, 2022

*[signature]*

By Frank Nellom, Pro se
1410 72nd Avenue, Apt 314
Philadelphia, PA 19126
267-225-5684
franknellom@outlook.com

*[signature: Jenisha Nellom]*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK NELLOM, at al., :
      Plaintiffs, :
       :
      v. : Case No. 2:22-cv-1283-JDW
       :
ANNE MARIE AMBROSE, et al., :
      Defendants. :

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of the Plaintiff's Application for Injunction, and Memorandum Ordered to be filed. it is ORDERED as follows:

1. JFN, and JDN shall be made available at the Family Court lobby on Thursday May 12, 2022, at 9:00AM. To be turned over to their grandfather Frank Nellom to rehabilitate.

BY THE COURT:

_____
JOSHUA D. WOLSON, J.

EXHIBIT A

Case 2:22-cv-01283-JDW   Document 34   Filed 12/15/22   Page 8 of 20
Case 2:22-cv-01283-JDW   Document 31   Filed 05/09/22   Page 2 of 11

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANK NELLOM, , et al.,
       Plaintiffs,

v.                    Case No. 2:22-cv-1283-JDW

ANNE MARIE AMBROSE, et al.,
       Defendants.

## MEMORANDUM

To the honorable Joshua D. Wolson:

Plaintiff, Frank Nellom, respectfully submit this Memorandum pursuant to the May 3, 2022, Order issued following review of the Application For Injunction (ECF No. 6). Explained: Mr. Nellom invokes federal question jurisdiction and asserts a Section 1983 claim. He appears to allege that the child custody proceedings that placed his grandchildren in foster care, and the subsequent proceedings that have kept them there, violated his Fourteenth Amendment rights. By void judgment, and fraud upon the court.

## VOID JUDGMENT

1. The case involved a contract between the working mother paying customer and Business. Is stated as follows by Defendants' in Statement of Facts **b**.

On June 15, 2011 DHS received a General Protective Services (GPS) report which alleged that Jadon and Julian*s mother, **Tenisha Nellom left the children at a daycare provider** at 11 A.M. on June 14, 2011; that Ms. Nellom contacted the provider via telephone at approximately 11 P.M. to inform the provider that she was en route to retrieve the children; and that several hours later, Ms. Nellom had not arrived to retrieve her children. The report further alleged that Jaden and Julian's maternal grandfather, Frank Nellom, was contacted; however, he refused to retrieve the children; That the Philadelphia Police Department was contacted; and that the police officers went to Ms. Nellom's home and no one answered the door. The report is pending determination.

Case 2:22-cv-01283-JDW   Document 30-1   Filed 05/09/22   Page 3 of 11

2

Taken as true establish a contractual relationship existed between the customer and business. The matter involved a breach of contract by either party, cannot form the basis for Family Court jurisdiction. Family Court Judges don't settle contract disputes between customer and provider is what is stated this case being about. Mother that gets off at 10:00PM to travel from Cottman & Roosevelt Blvd to Germantown & Logan on Public Transportation. Four hours late. Caused children to be abused by the provider, DHS, and Family Court to fill for profit facilities in Montgomery County is shown in this case.

2. The Supreme Court of Pennsylvania, Eastern District. Decided: November 20, 2007. Historically void confessed judgments could be stricken off or opened at any time as they were considered a legal nullity because the court lacked subject matter jurisdiction over the matter. Romberger v. Romberger, 290 Pa. 454, 457, 139 A. 159, 160 (1927) (a void judgment is a "mere blur on the record, and which <u>it is the duty of the court of its own motion to strike off, whenever its attention is called to it</u>"); Clarion, M. & P. R. Co. v. Hamilton, 127 Pa. 1, 3 (Pa. 1889) ("a void judgment is no judgment at all"). The policy reasons behind this disparate treatment are clear: it is in the public interest for judgments to be final. However, sound public policy cannot create jurisdiction. Accordingly, where the court lacked jurisdiction, as it does when it enters a void confessed judgment, that court cannot enter a valid judgment, no matter how much time has passed.

## **FRAUD UPON THE COURT**

3. The United States Court of Appeals for the Third Circuit instructed. "In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by "the most egregious misconduct directed to the court itself," and that it "must be supported by clear, unequivocal and convincing evidence." *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir.

1976). "Herring, et al., v. United States, 424 F.3d 384 (3d Cir. 2005). Argued July 15, 2005. Filed September 22, 2005. CERT DENIED. May 1 2006. United States Supreme Court No. 05-821. "As noted above, we will employ a demanding standard for independent actions alleging fraud upon the court requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." An egregious case is demonstrated intentionally being carried out against children. By Emergency Petition For Writ of Habeas Corpus filed June 26, 2011, 15 pages are attached as **(EXHIBIT A)**. Emails 1 of 6 **(EXHIBIT B)**. State Trial Court Orders. **(EXHIBIT C-D)**.

---

### DEPENDENCY PETITION
### Page 9 of 15 (EXHIBIT A)

1. Petitioner, the City of Philadelphia Department of Human Services. Is the local government agency responsible for the care and supervision of dependent children in Philadelphia, Pennsylvania. **True.**

2. The above-named juvenile is a dependent child under the provisions of the Pennsylvania Juvenile Act, 42 Pa.C.S. § 6301-6365. It is in the best interests of this child and the public that this petition be filed with the Court. **False.** Statement of Facts b. Following makes clear the matter involved a contract between the parent customer, and business providing child care services. At 3:30 AM when all living things including children have a United States of America right to be enjoying the peace of sleep to survive, profit is rejected, business is shut down because the parent is late. Material facts in this case.

3. Petitioner has made reasonable efforts to prevent placement of this minor child. **False.** This essential to obtain custody material fact: **The report further alleged that Jaden and Julian's maternal grandfather, Frank Nellom, was contacted; however, he refused to retrieve the children**; statement of fact b. Phone record prove **False.**

4. This petition is filed at the same time as petitions for I sibling(s): Julien Nellom. **True.**

5. This child is currently in the legal custody of DHS. **False.** DHS cannot deny the evidence it presented shows DHS involvement in a breach of contract matter. Between customer and business. DHS stated the whole thing evolved from the business refusing to care for the children in violation of the contract. DHS had to know a contract existed between the business and customer that was not being honored. Claim that breach of contract provided the authority to obtain custody over children is erroneous..

6. Upon information provided by the social worker, this child is dependent and/or abused pursuant to the Juvenile Act (42 Pa.C.S. § 6302 (Dependent Child)(I ,3) and/or the Child Protective Services Law (23 Pa.C.S. § 6303. (b)(1) in that: **Children were not dependent or abused. Fact the neither of those law exist maliciously False nature of those lies..**

Case 2:22-cv-01283-JDW   Document 34   Filed 12/15/22   Page 11 of 20
Case 2:22-cv-01283-JDW   Document 301   Filed 05/09/22   Page 55 of 111

4

## SEE ATTACHED STATEMENT OF FACTS

7. The following services and/or referrals have been offered, provided and/or considered to enable the parent to care for this child: Community-based prevention services. In-Home services will not reasonably eliminate the risk of harm to the child because the mother abandoned the child, and the father's identity and whereabouts are unknown to DHS. **False.** The abuse is seen by the business breaching contract 3:30 AM. Stated by DHS was in fact used to subject children to Police and DHS custody to be transported to a facility outside of Philadelphia.

8. Pre-Dispositional Statement pursuant to Pa. R.J.C.P. Rule 1511:

Petitioner hereby recommends the following disposition: Child to be committed to the City of Philadelphia Department of Human Services. **True.**

---

## STATEMENT OF FACTS
### Page 7 of 15 (EXHIBIT A)

a. This petition is filed pursuant to an Order of Protective Custody (OPC) obtained by the Department of Human Services (DHS) on June 15, 2011. **False. Answer:** Dependency Petition being stamped by the Clerk of the Family Court June 17, 2011 at 4:52 PM. Order of Protective Custody could not have issued. Merely a false statement that one had been.

b. On June 15, 2011 DHS received a General Protective Services (GPS) report which alleged that Jadon and Julian*s mother, Tenisha Nellom left the children at <u>a daycare provider</u> at 11 A.M. on June 14, 2011; that Ms. Nellom contacted the <u>provider</u> via telephone at approximately 11 P.M. to inform the <u>provider</u> that she was en route to retrieve the children; and that several hours later, Ms. Nellom had not arrived to retrieve her children. **True.** The report further alleged that <u>Jaden and Julian's maternal grandfather, Frank Nellom, was contacted; however, he refused to retrieve the children;</u> **False. Answer:** Phone records proves was falsely made. That the Philadelphia Police Department was contacted; and that the police officers went to Ms. Nellom's home and no one answered the door. The report is pending determination. **Unknown.**

c. On June 15, 2011, the Philadelphia Police Department transported the children to DHS. **True.** DHS learned that Ms. Nellom had informed the staff at the daycare center that she was going to a graduation and that she was not working that day. **Unknown.**

d. On June 15, 2011, DHS spoke to the children's maternal grandfather, Frank Nellom. He was unwilling to provide care for the children. **False.** Attorney Barbara Ash knew it to be an essential fact a Judge would rely upon. Falsely made by an Officer of the Court signed under penalty of unsworn falsification to authorities. Establish Fraud Upon the Court. The whereabouts of Ms. Nellom were unknown to DHS at that time. **Unknown.**

e. On June 15, 2011, DHS obtained an OPC and placed the children in foster care through Delta Community Supports, where they currently remain. "OPC" **False.** Following **True.**

f. <u>At the shelter care hearing</u> held on June 16, 201, the OPC was lifted and the temporary commitment to DHS was ordered to stand. **Admits conducting illegal Ex Parte**

hearings "at the shelter," in Montgomery County. **Demonstrate who DHS was working for. The adjudicatory hearing is scheduled on June 24, 2011, in Courtroom H. True.**

    g. DHS has determined that there is sufficient basis to find that aggravated circumstances exist pursuant to 42. CS &6302 (aggravated circumstances (5). 42 Pa. C.S. § 6302. (5). **Completely False. Not even those laws cited exist.**

    h. On March 22, 2002, the parental rights of Tenisha Nellom to Ethan Nellom were involuntarily terminated. **True. History of engaging in fraud upon the court to obtain "Kids" to fill the private facilities built in Montgomery County for "Cash."**

    i. The identity and whereabouts of Jaden and Julien's father are unknown to DHS. **Unknown.**

    j. DHS is recommending that the children be committed to the City Of Philadelphia Department of Human Services. **True.**

## CASE HISTORY

4. On June 24, 2011, following the children being taken on June 15, 2011, Imani Sharp, third mother involved in raising Frank Nellom, along with his biological sisters Joyce Nellom, Rita Cotton, and Joann Smith attended the hearing with DHS officials to express the children have family to care for them. Following the children were returned.

5. In 2012 the children were taken again. Imani Sharp, Frank Nellom, Joyce Nellom, Rita Cotton, and Joann Smith made clear they were to be contacted, were not. Despite the legal demand stated in **42 Pa. C.S. § 6301. (b) Purposes. (1) To preserve the unity of the family whenever possible**. Fourteenth Amendment was promulgated to demand from this court that right to Notice be held to have been violated. Where the evidence is clear five family members demanded contact if those children were ever subject to being taken again. Were deliberately not contacted.

6. On February 20, 2022, following JFN figuring out how to provide his mother his Email to provide for his family to begin working on returning him to his family in compliance with legislature clearly stated purpose.

Case 2:22-cv-01283-JDW Document 34 Filed 12/15/22 Page 13 of 20
Case 2:22-cv-01283-JDW Document 30-1 Filed 05/09/22 Page 7 of 11

6

**7.** On March 4, 2022, Carolyn R Alexander DHS Permanency Unit emailed notice for meeting to discuss contact with JFN. Concern is that she's knows JFN will suffer death if not released. Or kill someone trying to escape because he has no choice. Knowing he has a family that loves him is being illegally detained from.

**8.** On March 13, 2022, Frank Nellom filed Emergency Petition for Writ of Habeas Corpus. **(Appendix B)**. Requesting the children and their records be brought before the court to show the record will establish the same fraud upon the court by the same business breach of contract scam to obtain custody of none dependent children is systemic.

**9.** On March 14, 2022, Benita King, Operations Director, Children and Family Services Philadelphia Department of Human Services. Responded by email: "Including Ms. Alexander's chain of command. Thanks." Meagan Mirtenbaum, Divisional Deputy City Solicitor, Child Welfare Unit, City of Philadelphia Law Department. Responded by email: "Please provide notice of tomorrow's hearing. Thank you."

**10.** On March 15, 2022, Judge Anders indicated to wait in the filing room 296 until DHS Counsel Meagan Mirtenbaum arrived. Counsel never arrived. Establish Counsel conceded that JFN, and JDN were illegally taken into custody.

**11.** On April 22, 2022, talking to JFN on the phone each day for a few minutes revealed. He is currently being held at Fairmount Behavioral Health Facility. The five minute phone conversations reveals the pain suffered, knowing he was illegally taken from his family, and concerned about his brother my grandson JDN is alive. So painful to cause me to give up on trying to make a difference in Philadelphia. Plagued with being loved by so many throughout my life, including my Alma Mater-Union League of Philadelphia. Thankful to realize rehabilitation for my family lies with our family in the Bahamas. Cousin invited me to meet them years ago and provided me the last name of the six families generated from my mother's family.

Case 2:22-cv-01283-JDW Document 34 Filed 12/15/22 Page 14 of 20
Case 2:22-cv-01283-JDW Document 30-1 Filed 05/09/22 Page 8 of 11

7

Loss count after finding one thousand thirteen head of household family members listed in the Bahamas white pages. Time to save my family by taking my four children, and four grandsons away from the evil in Pennsylvania, and Philadelphia in particular to live in the Bahamas as soon as my grandsons are released.

## LEGAL AUTHORITY

Legislature intent pursuant to 42 Pa. C.S. § 6301. (b) Purposes. (1) To preserve the unity of the family whenever possible. On March 24, 2022, was made clear by the Superior Court of Pennsylvania:

"This Court believes the intent of [the] Juvenile Act is to preserve the family and provide the support necessary for parents to properly care for their children. It is the agency job to coordinate the services and provide supports, when necessary, for the families to thrive independently. The goal of this Court is not to keep families under Court Supervision indefinitely. Especially, when they have shown that the have the ability to meet their children's needs independently from the Court Supervision and CYF assistance. If the children are not dependent, then it is not appropriate for the family to remain under Court Supervision." **In interest of C.H. Superior Court No. 766 WDA 2021 Appeal from the Order Dated June 16, 2021. Court of Common Pleas of Allegheny County Juvenile Division at No(s): CP-02-DP-0001172-2016.**

Evidence shows the child care business breached the contract with the parent customer by refusing to accept the hourly rate agreed upon. Resulted in DHS a fabricating Dependency Petition to make Family Court Judges appear corrupt. Hard to imagine those trained in the legal profession would not agree the Dependency Petition reeks of being false on the face.

Courts have inherent equity power to vacate judgments obtained by fraud. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991); *In re Levander,* 180 F.3d 1114, 1118-19 (9th Cir.1999). Rule 60(b), which governs relief from a judgment or order, provides no time limit on courts' power to set aside judgments based on a finding of fraud on the court. 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2870 (2d ed.1987). We exercise the power to vacate judgments for fraud on the court "with restraint and discretion," *Chambers,* 501 U.S. at 44, 111 S. Ct. 2123, and only when the fraud is established "by clear and convincing evidence," *444 England v. Doyle,* 281 F.2d 304, 310 (9th Cir.1960).

Case 2:22-cv-01283-JDW Document 30-1 Filed 05/09/22 Page 9 of 11

8

Of particular relevance here, the inherent power also allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). This "historic power of equity to set aside fraudulently begotten judgments," *Hazel-Atlas*, 322 U. S., at 245, is necessary to the integrity of the courts, for "tampering with the administration of justice in [this] manner. . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public." *Id.*, at 246. **The Supreme of Pennsylvania, supra**, having express agreement ("a void judgment is a mere blur on the record, and which <u>it is the duty of the court of its own motion to strike off, whenever its attention is called to it</u>").

## CONCLUSION

After personally experiencing evil of being illegally confined for 20 years, grandsons 10 years, murders each day, tragedy is so common, expected..Thankful to have family in the Bahamas to escape too and build a new life with. Ask that my grandsons be returned so we can leave Philadelphia to be rehabilitated living with family in the Bahamas.

**WHEREFORE,** in accordance with the above laws Order for JFN, and JDN be at the Family Court lobby on Thursday May 12, 2022, and 9:00AM to be turned over to their grandfather should issue.

Respectfully submitted,

By Frank Nellom
1410 72nd Avenue, Apt 314
Philadelphia, PA 19126
267-225-5684
franknellom@outlook.com

Dated: <u>May 9, 2022</u>

Jenisha Nellom

Case 2:22-cv-01283-JDW   Document 34   Filed 12/15/22   Page 16 of 20
Case 2:22-cv-01283-JDW   Document 30-1   Filed 05/09/22   Page 10 of 11

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK NELLOM, at al., | : |
| Plaintiffs, | : |
| | : |
| v. | : Case No. 2:22-cv-1283-JDW |
| | : |
| ANNE MARIE AMBROSE, et al., | : |
| Defendants. | : |

## Affidavit of Service

I, Frank Nellom, certify under penalty of perjury statements made in this Memorandum are true and correct, and that copies were served upon Counsel Meagan Mirtenbaum Divisional Deputy City Solicitor Child Welfare Unit. Via Email: Meagan.Mirtenbaum@phila.gov; Anne Marie Ambrose, yclj.info@gmail.com; justicelabpress@columbia.edu; Attorney General Joshua D. Shapiro,jshapiro@attorneygeneral.gov, Philadelphia District Attorney krasner@krasnerlong.com also in % ADA Benjamin Taylor Jackal: benjamin.jackal@phila.gov.

### City Counsel

Mark Squilla: mark.squilla@phila.gov, (215) 686-3458, (215) 686-3459
Kenyatta Johnson: kenyatta.johnson@phila.gov, (215) 686-3412, (215) 686-3413
Jamie Gauthier: jamie.gauthier@phila.gov, (215) 686-0459, 215-686-0460
Curtis Jones, Jr.: curtis.jones@phila.gov, (215) 686-3416, (215) 686-3417
Darrell Clarke (Council President): darrell.clarke@phila.gov, (215) 686-3442, (215) 686-3443
Bobby Henon: bobby@bobbyhenon.com, (215) 686-3444, (215) 686-3445
Maria D. Quiñones-Sánchez: maria.q.sanchez@phila.gov, (215) 686-3448, (215) 686-3449
Cindy Bass: cindy.bass@phila.gov, (215) 686-3424, (215) 686-3425
Cherelle Parker: cherelle.parker@phila.gov, (215) 686-3454, (215) 686-3455
Brian O'Neill: brian.o'neill@phila.gov, (215) 686-3422, (215) 686-3423
Kendra Brooks: kendra.brooks@phila.gov, (215) 686-3438, (215) 686-3439
Allan Domb: allan.domb@phila.gov, (215) 686-3414, (215) 686-3415
Derek Green: derek.green@phila.gov, (215) 686-3450, (215) 686-3451
Katherine Gilmore Richardson: katherine.gilmore.richardson@phila.gov, (215) 686-0454, (215) 686-0455
Helen Gym: helen.gym@phila.gov, (215) 686-3420, (215) 686-3421
David Oh: david.oh@phila.gov, (215) 686-3452, (215) 686-3453
Isaiah Thomas: isaiah.thomas@phila.gov, (215) 686-3446, (215) 686-3447

Case 2:22-cv-01283-JDW   Document 34   Filed 12/15/22   Page 17 of 20
Case 2:22-cv-01283-JDW   Document 30-1   Filed 05/09/22   Page 11 of 11

10

## City of Philadelphia Officials

Robert Aversa Deputy City Solicitor Child Welfare Unit
Robert.Aversa@phila.gov  (215) 683-5020

Bailey Axe Deputy City Solicitor Civil Rights Unit
Bailey.Axe@phila.gov (215) 683-5443

Brafford Bak Divisional Deputy City Solicitor Regulatory Law Unit
Brafford.Bak@phila.gov(215) 937-1856

Christine Bak Senior Attorney Tax & Revenue Unit
Christine.Bak@phila.gov (215) 686-0514

Peter Baker Senior Attorney Tort Litigation Unit
Peter.Baker@phila.gov (215) 683-5420

Saachi Bakhshi LSI Child Welfare Unit
Saachi.Bakhshi@phila.gov (215) 683-3011

Laura Bonnington Legal Assistant Supervisor Child Welfare Unit
Laura.Bonnington@phila.gov (215) 683-5153

Michael Brenner Legal Assistant Child Welfare Unit
Michael.Brenner@phila.gov (215) 683-5284

Angela Bright Legal Assistant Supervisor Child Welfare Unit
Angela.Bright@phila.gov (215) 683-5161

Jacquelyn Brown, (she/her) Clerk III Administration
Jacquelyn.Brown@phila.gov (215) 683-5000

Sharleetha Brown Data Services Support Clerk Child Welfare Unit
sharleetha.brown@phila.gov (215) 686-5136

Ariel Bruce, (she/her) Assistant City Solicitor Child Welfare Unit
ariel.bruce@phila.gov (215) 683-5432

*Frank Nellom*
Frank Nellom
1410 72nd Avenue, Apt 314
Philadelphia, PA 19126
267-225-5684
franknellom@outlook.com

Dated: May 9, 2022

| | |
|---|---|
| **From:** | Frank Nellom <Franknellom@outlook.com> |
| **Sent:** | Tuesday, October 18, 2022 1:49 PM |
| **To:** | PAED Documents |
| **Cc:** | Adam Zurbriggen |
| **Subject:** | Case No. 2:22-cv-1283 Notice of Appeal |
| **Attachments:** | Notice of Appeal.pdf; Memorandum (Exhibit A).pdf; ifp_affidavit.pdf |

**CAUTION - EXTERNAL:**

Dear Clerk,

Please find attached Notice of Appeal, Memorandum (Exhibit A), and IFP Affidavit for filing of record.

Best regards,

Frank Nellom
267-225-5684

*Jenisha Nellom* (signature)

Sent from Mail for Windows

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Frank Nellom <Franknellom@outlook.com> |
| **Sent:** | Tuesday, October 18, 2022 1:49 PM |
| **To:** | PAED Documents |
| **Cc:** | Adam Zurbriggen |
| **Subject:** | Case No. 2:22-cv-1283 Notice of Appeal |
| **Attachments:** | Notice of Appeal.pdf; Memorandum (Exhibit A).pdf; ifp_affidavit.pdf |

**CAUTION - EXTERNAL:**

Dear Clerk,

Please find attached Notice of Appeal, Memorandum (Exhibit A), and IFP Affidavit for filing of record.

Best regards,

Frank Nellom
267-225-5684

Sent from Mail for Windows

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1

**22-2962**

Tenisha Nellom
Apartment 314
1410 72nd Avenue
Philadelphia, PA 19126

------

------